IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARIA HAUN, ) | |
| Plaintiff ) | |
| v. ) | No. 3:07-cv-180 (Phillips/Shirley) |
| HTC, INC. and HTC SWEDEN AB, ) | |
| Defendants ) | |

**MEMORANDUM OPINION**

This is a Title VII action brought pursuant to 42 U.S.C. § 2000e, *et seq.*, with associated state law claims. Plaintiff Maria Haun contends that her employer, HTC, Inc., terminated her employment because she became pregnant. Plaintiff also sues HTC Sweden AB, which is the parent corporation of HTC, Inc., a Tennessee corporation. Currently pending is the motion of HTC Sweden AB to dismiss for lack of personal jurisdiction or to stay this case pending proper service of process [Court File #6]. For the reasons that follow, the attempted service of process upon HTC Sweden AB will be quashed, and discovery in this matter will be stayed pending proper service of process upon HTC Sweden AB under the Hague Convention.

Plaintiff was formerly employed by HTC, Inc., at its Knoxville, Tennessee office. She claims that HTC, Inc., is simply the alter-ego of HTC Sweden AB, and that HTC Sweden AB, the parent, controls the actions of HTC, Inc., including the termination of plaintiff's employment in this case. Plaintiff has submitted her own affidavit in which she describes briefly the control allegedly exercised by the parent over its subsidiary. The defendants have submitted an affidavit of Sten Jeansson, the Chief Executive Officer of HTC Sweden AB, who denies that HTC Sweden AB exercises day-to-day control over HTC, Inc., and denies that the Swedish parent corporation has any contacts with the State of Tennessee which might allow the exercise of personal jurisdiction over it. Defendants have also submitted the affidavit of John Abrahamson, the President/Managing Director of the subsidiary corporation, who denies that HTC Sweden AB had any input in the decision to terminate the plaintiff's employment and denies that the parent is involved in the hiring or interviewing processes for HTC, Inc.

Before reaching HTC Sweden AB's motion to dismiss for lack of *in personam* jurisdiction, the court must first consider whether service of process on it has been properly obtained. The court finds that it has not.

The Hague Convention is a treaty entered into between the United States and other countries, including Sweden, which provides a mechanism by

2

which a party who is authorized by the laws of his own country to serve process can do so in a manner acceptable to the other sovereign country where he makes service. *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 288 (3rd Cir.), *cert. denied*, 454 U.S. 1085 (1981). The Convention provides several different methods for service of process upon a foreign defendant. Articles 2 through 6 establish a system whereby each signatory country agrees to create a "Central Authority" to receive and attempt to satisfy requests from other counties for service of process. Normally, service under the Convention is provided for under Article 5, which requires a translation of the documents into the local language and service of the documents through the Central Authority. *See Wilson v. Honda Motor Co., Ltd.*, 776 F. Supp. 339, 341 (E.D. Tenn. 1991).

In the instant case, plaintiff has attempted service upon HTC Sweden AB by two methods. The first was to serve HTC, Inc.'s president, John Abrahamson, with a copy of the summons and complaint. This method is obviously ineffective since, at least at this point, plaintiff has fallen far short of "piercing the corporate veil," which she would need to do in order to find that service upon the subsidiary is effective as service upon the parent.

Second, plaintiff served a copy of the summons and complaint upon HTC Sweden AB by registered mail at its Swedish corporate headquarters. Plaintiff

3

attempts to rely on Article 10 of the treaty which provides that nothing in it shall interfere with "(a) the freedom to send judicial documents, by postal channels, directly to persons abroad; ... ." However, this court, as well as the majority of other courts within the Sixth Circuit has held that the word "send" in Article 10(a) is not the equivalent of "service of process" and that Article 10(a) simply provides a method of sending subsequent documents after service of process has been obtained through the Central Authority. *Wilson*, 776 F. Supp. 341-42. *See also Darko, Inc. v. Mega Bloks, Inc.*, 2006 WL 2945954, at *2 (N.D. Ohio 2006) (the court finds that the Hague Convention does not permit service by mail); *Uppendahl v. American Honda Motor Co., Inc.*, 291 F. Supp. 2d 531, 534 (W.D. Ky. 2003).

In light of the foregoing, it is the opinion of this court that service of process upon defendant HTC Sweden AB should be quashed. Plaintiff will be afforded forty-five (45) days within which to properly serve that defendant in compliance with the Hague Convention. If proper service is not obtained within that time period, HTC Sweden AB will be dismissed for insufficiency of service of process.

Discovery in this matter will be stayed pending service of process upon HTC Sweden AB. After obtaining service of process upon HTC Sweden AB, plaintiff should notify the court in writing, at which time she will be permitted to commence

discovery regarding this court's *in personam* jurisdiction with respect to the Swedish corporation.

Order accordingly.

*s/ Thomas W. Phillips*
UNITED STATES DISTRICT JUDGE
