UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARIA HAUN, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>HTC, INC., and HTC SWEDEN AB, )<br>      Defendants. ) | Case No. 3:07-CV-180<br>Phillips/Shirley |

## **MEMORANDUM AND ORDER**

This employment discrimination case is before the court on the defendant's motion to dismiss for lack of personal jurisdiction. Defendant HTC Sweden AB asserts that this matter should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) due to lack of personal jurisdiction. Plaintiff has responded in opposition that personal jurisdiction is proper and that this matter should not be dismissed as to HTC Sweden. The court has carefully considered the pending motion and related pleadings in light of the entire record and controlling law. For the reasons which follow, HTC Sweden's motion to dismiss will be denied.

I. Relevant Facts

In this action, the plaintiff, Maria Haun, has named as defendants both her former employer, HTC, Inc., a Tennessee corporation, and HTC's Swedish parent, HTC Sweden AB. Plaintiff seeks to hold HTC Sweden responsible for the loss of her employment with HTC, Inc. In her complaint, plaintiff alleges that HTC Inc. operates under

the control and direction of its parent HTC Sweden. The complaint further alleges that both defendants are a single employer and/or an integrated enterprise and/or a common enterprise (having interrelated operations and/or common management and/or centralized control of labor relations and/or common ownership), and therefore should be aggregated for liability and damages purposes.

## II. Analysis

Pursuant to Fed.R.Civ.P. 12(b)(2), which provides that a defense of lack of personal jurisdiction may be raised by motion, HTC Sweden asserts that this matter should be dismissed. HTC Sweden argues that this court may not exercise general or specific jurisdiction over it. In addition, HTC Sweden states that plaintiff has not effectively served HTC Sweden with process in this case. However, the court notes that plaintiff served HTC Sweden with process in compliance with the Hague Convention [Docs. 14. 16], so this is no longer an issue in the personal jurisdiction analysis.

In support of the motion, HTC Sweden states that HTC Inc. and HTC Sweden are separate companies, with HTC Inc. being a wholly-owned subsidiary of HTC Sweden. HTC Sweden has no offices or other facilities in the United States. HTC Sweden is a separate employer from HTC Inc. and HTC Sweden has never employed anyone in the United States. HTC Sweden and HTC Inc. have separate operations, and HTC Sweden exercises no control over HTC Inc.'s employment decisions except with respect to important management positions such as President, CFO or COO. Further, HTC Sweden

states it did not influence HTC Inc. to terminate the employment of the plaintiff in this case. HTC Sweden has never exercised day-to-day control over HTC Inc.'s operations. HTC Sweden has never been a resident corporation of any state in the United States, and has never maintained an office, manufacturing plant, warehouse or other facility in the United States. HTC Sweden has never maintained a bank account in the United States, and has never owned, leased or rented any real or personal property in the United States. HTC Sweden has never owed or paid any taxes, franchise fees or similar fees with respect to any operations in the United States. HTC Sweden is a privately-owned Swedish company whose shares have never been publicly traded in the United States. HTC Sweden has never qualified to do business in the State of Tennessee, and neither manufactures nor sells goods in the State of Tennessee. HTC Sweden and HTC Inc. have at all times maintained separate accounting systems and separate books of records, and they have not commingled funds. Therefore, this court may not exercise personal jurisdiction over HTC Sweden and plaintiff's complaint against it should be dismissed.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) requires the court to determine whether the plaintiff has alleged sufficient facts to support the exercise of personal jurisdiction over the defendant. In ruling upon a Rule 12(b)(2) motion, the court has three procedural alternatives: (1) the court may determine the motion on the basis of written submissions and affidavits alone; (2) it may permit discovery in aid of the motion; or (3) it may conduct an evidentiary hearing on the merits of the motion. *See Serras v. First Tenn. Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir. 1989). In this case, the court will

decide the matter based upon the briefs, affidavits, and other evidence submitted by the parties.

The plaintiff always bears the burden of establishing personal jurisdiction, but the weight of that burden depends upon the manner in which the court elects to proceed. *Id.* Where, as here, the court elects to rule without an evidentiary hearing, the plaintiff's burden is lightened considerably. In such a case, the plaintiff need only present a *prima facie* case for jurisdiction. *Bridgeport Music, Inc. v. Still N The Water Pub..,* 327 F.3d 472, 478 (6th Cir. 2003); *Kerry Steel v. Paragon Indus., Inc.,* 106 F.3d 147, 149 (6th Cir. 1997); *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.,* 91 F.3d 790, 792 (6th Cir. 1996). As with a Rule 12(b)(6) motion, the court should consider the pleadings and affidavits in the light most favorable to the plaintiff, however,"the plaintiff may not rest on his pleadings to answer the movant's affidavits, but must set forth, 'by affidavit or otherwise, ... specific facts showing that the court has jurisdiction.'" *Serras,* 875 F.2d at 1214 (quoting *Weller v. Cromwell Oil Co.,* 504 F.2d 927, 930 (6th Cir. 1974)); *see also Nationwide,* 91 F.3d at 792. Thus, as long as the plaintiff is able to "demonstrate facts which support a finding of jurisdiction," the motion to dismiss should be denied, even in the face of controverting evidence presented by the moving party. *Serras,* 875 F.2d at 1214; *Am. Greetings Corp. v. Cohn,* 839 F.2d 1164, 1169 (6th Cir. 1988).

When determining whether there is personal jurisdiction over a defendant, a federal court must apply the law of the state in which it sits, subject to constitutional

limitations. *Reynolds v. Int'l Amateur Athletic Fed'n,* 23 F.3d 110, 1115 (6th Cir. 1994). Tennessee law provides as follows:

> Persons who are nonresidents of Tennessee ... are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from ... (6) any basis not inconsistent with the constitution of this state or of the United States....

Tenn. Code Ann. § 20-2-214(a). Where, as is the case with Tennessee, a state's long-arm statute reaches as far as the limits of the United States Constitution, the court "need only determine whether the assertion of personal jurisdiction ... violates constitutional due process." *Nationwide,* 91 F.3d at 793. "Due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1940); *Bird v. Parsons,* 289 F.3d 865, 871–72 (6th cir. 2002). Personal jurisdiction over a non-resident defendant may be asserted under either general or specific theories of jurisdiction. *Conti v. Pneumatic Prods. Corp.,* 977 F.2d 978, 981 (6th Cir. 1992).

General jurisdiction exists when a defendant has "continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims." *Kerry Steel, Inc. v. Paragon Industries, Inc.,* 106 F.3d 147, 149 (6th Cir. 1997). Plaintiff does not allege that this court has jurisdiction over HTC Sweden under the general jurisdiction prong, but rather asserts that the court has specific

jurisdiction over HTC Sweden under the three-part test established in *Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374 (6th Cir. 1968):  First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.  *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 821 (6th Cir. 2000).

In this case, plaintiff has submitted an affidavit in which she recounts how she and her co-workers were informed by the head of HTC Inc., John Abrahamson, that HTC Sweden made key decisions regarding employment matters at the local office.  Further, on the day she was fired, plaintiff states that Abrahamson specifically blamed HTC Sweden for her termination.  He told her it was "because of Sweden."  Construing this information in a light most favorable to the plaintiff, as the court must under Rule 12(b)(2), she has demonstrated that specific jurisdiction exists.  HTC Sweden engaged in activities (controlling human resource issues of its subsidiary and then directing that a subsidiary employee be fired) that caused a consequence in the forum state (plaintiff, a resident of the State of Tennessee, lost her job for allegedly illegal reasons).  Thus, plaintiff has carried her burden to establish a *prima facie* case for jurisdiction.  Accordingly, HTC Sweden's Rule 12(b)(2) motion to dismiss will be denied.

III.  Conclusion

For the reasons stated above, defendant HTC Sweden's motion to dismiss [Doc. 6] is **DENIED.**  The court previously stayed discovery in this matter pending service of process upon HTC Sweden.  Since HTC Sweden has now been served with process, that stay is lifted and the parties may commence discovery.  A scheduling order will issue.

**IT IS SO ORDERED.**

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge